UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHRISTOPHER MICHAEL CRAIG,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>JUSTIN S. FLANNERY, et al.,<br><br>　　　　　　　　　　　Defendants. | Case No. 2:08-cv-00146-JCM-RJJ<br><br>ORDER |

Presently before the court is defendant Justin S. Flanery's (hereinafter "defendant") motion to set aside default judgment. (Doc. # 83). Christopher M. Craig (hereinafter "plaintiff") filed a response, (doc. # 84), and defendant did not file a reply.

**I.　Background**

This case arose out of a contract between plaintiff and defendants to move household goods from Nevada to California and to store the goods in a storage unit. Defendants, then, refused to allow plaintiff access to those goods and refused to answer plaintiff's calls or phone messages. Plaintiff then brought a breach of contract action.

Defendant failed to respond to any of the filings. On July 15, 2010, this court entered an order granting default judgment in favor of plaintiff. (Doc. # 62). On July 16, 2010, the clerk of the court entered default judgment. (Doc. # 63).

Defendant now claims, four years later, that this court lacked jurisdiction, that he was not served, and that he had no knowledge of the case against him. (Doc. # 83). Accordingly, defendant believes he is entitled to relief from the judgment, pursuant to Federal Rule of Civil Procedure 60(b)(4), and filed the instant motion.

## II.     Legal Standard

Federal Rule of Civil Procedure 55(c) states, "The court may set aside an entry of default for good cause . . . ." To determine if good cause exists, the court considers: "(1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (internal quotations omitted). "[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Id.*

## III.    Discussion

The court will address each of the three factors in turn.

### A.     Culpable conduct

"A defendant's conduct is culpable if he has received actual or constructive notice of the filing and intentionally failed to answer." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1092 (9th Cir. 2010). "[T]o treat a failure to answer as culpable, the movant must have acted with bad faith, such as an intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process." *Id.*

Defendant claims he did not have notice and was not aware of the instant case. However, the record demonstrates that defendant received actual notice of the filings and still failed to answer. This shows that defendant acted in bad faith and intentionally failed to answer. Accordingly, the court finds that the defendant's conduct was culpable.

### B.     Meritorious defense

"A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense. But the burden on a party seeking to vacate a default judgment is not extraordinarily high." *Mesle*, 615 F.3d at 1094.

Defendant has not presented any facts that would constitute a meritorious defense. Defendant's only claim is that this court lacked jurisdiction. Defendant argues that there was not diversity jurisdiction because both the plaintiff and one particular defendant both were domiciled

in Nevada. However, that particular defendant was dismissed with prejudice, long ago. Defendant has therefore failed to meet its burden of demonstrating a potentially meritorious defense.

    C.    *Prejudice*

"To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 700 (9th Cir. 2001). It is obvious that "merely being forced to litigate on the merits cannot be considered prejudicial for purposes of lifting [an entry of default]. For had there been no default, the [parties] would of course have had to litigate the merits of the case, incurring the costs of doing so." *Id.*

Plaintiff argues that it would be greatly prejudiced by setting aside the default because evidence in this case is over eight years old. The court agrees. Setting aside the default judgment would result in greater harm than simply delaying resolution of the case.

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion to set aside default judgment (doc. # 83) be, and the same hereby is, DENIED.

DATED THIS 27th day of October 2014.

_____
JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE